**Lynda M. HICKMAN, Plaintiff,**

v.

**AMERICAN HONDA MOTOR CO., INC., Defendant.**

**Civil Action No. 1:96–CV–0024–CC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 25, 1997.

### ORDER

COOPER, District Judge.

Plaintiff, Lynda Hickman, brings this action pursuant to the Georgia Motor Vehicle Franchise Practices Act, O.C.G.A. § 10–1–620 *et seq.*, alleging improper rejection of her application to purchase a new motor vehicle dealership. Currently, Ms. Hickman ("Ms. Hickman") owns and operates Hickman Nissan, Inc., a new car dealership in Chamblee, Georgia. American Honda Motor Co., Inc. ("Honda") is the Defendant. Honda is a new motor vehicle franchisor organized under the laws of the State of California. The three motions before the Court are Defendant's Motion for Summary Judgment [16–1], Plaintiff's Motion for Summary Judgment [19–1], and Defendant's Motion for Leave to File Its Reply Brief Out of Time [26–1].

Pursuant to the Court's Order dated October 2, 1996 [9–1], the legal issues with respect to this matter are whether: (1) Honda acted arbitrarily by refusing to agree with the proposed sale of one of its franchises to Ms. Hickman when Honda relied upon good cause for terminating its Dealership Agree-

ment with that franchise and not on Ms. Hickman's qualifications as a dealer, (2) Honda gave written notice of its reasons for rejecting the proposed sale in compliance with O.C.G.A. § 10–1–653, and (3) any other legal issues that may flow from these issues and from stipulated and undisputed facts presented to the Court.

## I. FACTS

By letter dated April 22, 1994, Honda notified Barry Alexander ("Mr.Alexander"), principal of Town & Country Automotive, Inc., d/b/a/ Town & Country Honda ("Town & Country") in Woodstock, Georgia, that Honda had elected to terminate Mr. Alexander's Honda Automobile Dealer Sales and Service Agreement ("Dealership Agreement") in ninety (90) days. Honda sought to terminate the Dealership Agreement because Mr. Alexander procured the Town & Country dealership through fraud, bribery and misrepresentation in violation of the Dealership Agreement and the law. On June 16, 1994, Town & Country filed suit in state court alleging wrongful termination of the Dealership Agreement. Honda removed the case to this Court and this Court entered a preliminary injunction on June 28, 1994.

On July 21, 1994, Ms. Hickman entered into a letter of intent to acquire the Town & Country dealership from Mr. Alexander. The letter of intent required Ms. Hickman to pay Mr. Alexander more than $2 million for the "Blue Sky" value of the dealership and was contingent upon Honda's approval. Ms. Hickman stated in her deposition that she was trying to negotiate the sale or transfer before Honda succeeded in terminating the Dealership Agreement. Honda had originally scheduled termination for July 22, 1994.

On or about July 29, 1994, Ms. Hickman submitted financial information and an application to Honda seeking approval as a Honda dealer for purposes of the sale or transfer of the Town & Country dealership. After Honda received notice that Town & Country proposed to sell or transfer the dealership to Ms. Hickman, but before this Court began hearing Town & Country's Motion For a Permanent Injunction, Honda decided that it was entitled to disapprove the sale without considering Ms. Hickman's qualifications. Honda decided that its rejection of the sale would be lawful as long as it was proved at trial that the Town & Country dealership was wrongfully acquired through fraud. Honda also decided that if the Court ruled that termination of the Town & Country dealership was proper, Mr. Alexander would have no dealership interest to sell to Ms. Hickman. The Court terminated Town & Country's Dealership Agreement on August 30, 1994.

On September 8, 1994, Ernie Ferency of Honda wrote Ms. Hickman a letter informing her that the Court had terminated the Town & Country Dealership Agreement and that Town & Country no longer had a franchise interest to sell. This letter advised Ms. Hickman that Honda was accepting applications for a new dealership at the Town & Country location and that Honda would consider the revised application and pro forma that Ms. Hickman had submitted on July 29, 1994 along with other applications for a new and open point for a dealership. After considering several applications, including Ms. Hickman's, Honda eventually chose another candidate to open a new dealership at the same location. Ernie Ferency informed Ms. Hickman of Honda's decision in an October 24, 1994 letter. Subsequently, Ms. Hickman filed this lawsuit, demanding that Honda recognize her as the rightful transferee by operation of law under O.C.G.A. § 10–1–653(a).

## II. SUMMARY JUDGMENT STANDARD

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the court must view the evidence in favor of the nonmoving party and give that party the benefit of all justifiable

inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. at 2511. If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 2d 265 (1986).

## III. DISCUSSION

Ms. Hickman alleges that the manner in which American Honda rejected her application to buy the Town & Country dealership violated the Georgia Motor Vehicle Franchise Practices Act, at O.C.G .A §§ 10–1–631 and 653 and tortiously interfered with her existing and potential business contracts. The Georgia Motor Vehicles Franchise Practices Act imposes two requirements upon a franchisor wishing to reject a proposed sale of a new motor vehicle dealership. O.C.G.A § 10–1–653(a). First, the franchisor must give the new motor vehicle dealer a written reason for rejecting the proposed change in ownership within sixty (60) days after receiving notice of the proposed change. Second, the rejection cannot be for an arbitrary reason. Failure to comply with these statutory requirements causes the sale to be deemed approved. *Id.* Specifically, § 10–1–653(a) provides:

> If a new motor vehicle dealer desires to make a change in its executive management or ownership or to sell its principal assets, the new motor vehicle dealer will give the franchisor prior written notice of the proposed change or sale. The franchisor shall not arbitrarily refuse to agree to such proposed change or sale. Where the franchisor rejects a proposed change or sale, the franchisor will give written notice of his reasons to the new motor vehicle dealer within 60 days. If no such notice is given to the new motor vehicle dealer, the change or sale shall be deemed approved. The franchisor shall have the burden of

proof to show that its disapproval is not arbitrary.

O.C.G.A. § 10–1–653(a). Ms. Hickman argues that Honda (1) rejected her proposed buy out of Town & Country for arbitrary reasons, and (2) failed to send written notice of the rejection to Town & Country. Ms. Hickman maintains that, as a result, the proposed sale is deemed approved and Town & Country's ownership should pass to her under § 10–1–653(a).

### A. Section 10–1–653's arbitrariness standard.

A franchisor may withhold approval of a proposed sale or transfer of a dealership as long as that approval is not withheld arbitrarily. *Id.* Ms. Hickman contends that it is arbitrary to reject a proposed franchise transfer for any reason unrelated to the proposed transferee's experience or qualifications. Ms. Hickman argues that *Town & Country Ford, Inc. v. Ford Motor Co.,* 1986 Bus. Franchise Guide (CCH) ¶ 8660, at 16,-747 (N.D.Ga.1985), aff'd., 800 F.2d 266 (11th Cir.1986) supports her position. In *Town & Country Ford,* a manufacturer rejected a proposed transfer of a dealership because the transferee was inexperienced and poorly capitalized. The *Town & Country Ford* court held that rejecting a transfer on the grounds of experience and capitalization was reasonable and did not breach the requirement in the parties' franchise agreement that disapproval of a proposed transferee may not be unreasonable. This holding, however, does not extend so far as to mean that rejecting a proposed transferee for any reason other than that transferee's qualifications would constitute an unreasonable rejection. The plain language of § 10–1–653(a) does not call for that construction. Accordingly, the Court GRANTS the Defendant's Motion for Summary Judgment as it relates to the issue of whether Honda acted arbitrarily and denies the Plaintiff's Motion for Summary Judgment as to the same issue.

### B. The required 60 days written notice.

In Count One of the Complaint, Plaintiff seeks damages for Honda's failure to "... give written notice to Town & Country of its reasons for rejecting the proposed

change in ownership or sale of the assets of the Dealership within 60 days after being notified of the proposed change or sale, as required by O.C.G.A. § 10–1–653". Failure to send the required notice, Count One alleges, caused Ms. Hickman to be approved as Honda's new Town & Country franchisee by operation of law. Honda sent Ms. Hickman written notice that it rejected the proposed transfer but did not send written notice to Town & Country. The Plaintiff contends that Honda's failure to notify Town & Country in writing caused the dealership to transfer to Ms. Hickman by operation of law under O.C.G.A. § 10–1–653(a).

There must be some franchisor/franchisee relationship existing for O.C.G.A. § 10–1–653(a) to apply in this case. On August 30, 1994, this Court ruled that Mr. Alexander acquired his Town & Country dealership through "fraudulent and deceptive activities" and terminated the Dealership Agreement. *Town & Country Automotive, Inc. D/b/a Town & Country Honda v. American Honda Motor Co., Inc.*, Civil Action File No. 1:94–CV–1554–cc (N.D.Ga. August 30, 1994). This Order ended Honda's franchise relationship with Town & Country and extinguished any dealership interest that Town & Country may have had to sell. The termination of the Dealership Agreement canceled Honda's obligation to treat Ms. Hickman as a potential franchise purchaser under O.C.G.A. § 10–1–653(a). The Court sees Honda's invitation to Ms. Hickman to submit an application to obtain the Woodstock location as an open point dealership as a business courtesy and nothing more. If, in fact, Honda had elected to treat Town & Country as a Honda franchisee under § 10–1–653(a) after this Court terminated the Dealership Agreement, Honda would have been contravening the Court's August 30, 1994 Order. Moreover, Honda would arguably have been holding itself out as a de facto Town & Country franchisor, a position in which it most likely did not care to find itself. For these reasons the Court GRANTS the Defendant's Motion for Summary Judgment as to Count One of the Plaintiff's Complaint and DENIES the Plaintiff's Motion for Summary Judgment as to the same Count.

### C. Tortious interference.

▆▆▆ Plaintiff alleges that Honda's actions tortiously interfered with her existing and prospective business contracts. Ms. Hickman's claim for tortious interference is based on the theory that Honda wrongfully rejected her application to buy Town & Country, thus tortiously interfering with her business relations. "To establish a cause of action for tortious interference with existing and prospective contractual relations claimant must show that defendant (1) acted improperly and without privilege, (2) purposely and with malice with intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with plaintiff, and (4) for which plaintiff suffered some financial injury". *Green v. Johnston Realty, Inc.*, 212 Ga.App. 656, 659, 442 S.E.2d 843, 846 (1994). The Plaintiff has not offered any proof that Honda acted improperly and without privilege. This is especially true since the Court found that Honda's actions did not exceed the confines of O.C.G.A. § 10–1–653(a). Similarly, there is no evidence to show any malice or intent to injure on the part of Honda. Malice would require an unauthorized, unjustified, or inexcusable interference with the Plaintiff's business relations. *Id.* at 659, 442 S.E.2d 843. The facts presented in this case do not show tortious interference.

### D. Honda's duty to act in good faith.

▆▆▆ Count Four of Ms. Hickman's Complaint alleges violation of the Georgia Motor Vehicle Dealer's Day in Court Act, O.C.G.A. § 10–1–631. The Motor Vehicle Dealer's Day in Court Act, allows a dealer to recover damages from a franchisor who fails ". . . to act in good faith with any dealer in connection with the sale, transfer, termination, or succession of a franchise or in connection with the operation of a dealer's business pursuant to a franchise or to fail to act in good faith in any of its business transactions with a dealer". The statute defines "good faith" as "honesty in fact and the observation of reasonable commercial standards of fair dealing in the trade as defined and interpreted in Code Section 11–1–203". O.C.G.A. § 10–1–622(8). The Court has determined that Hon-

da's rejection of the proposed franchise transfer of Town & Country was made with a legitimate business interest in mind and did not violate O.C.G.A. § 10–1–653(a). Additionally, throughout its course of dealing with Ms. Hickman Honda consistently and openly made clear that the circumstances of its deteriorated relationship with Town & Country made it unlikely that Honda would approve her application to buy the dealership. The Plaintiff has not shown Honda's dealings as lacking good faith. The Defendant's Motion for Summary Judgment is, therefore, GRANTED on the issue of good faith raised by Count Four of the Complaint.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment [16–1] is GRANTED. Plaintiff's Motion for Summary Judgment [19–1] is DENIED. Defendant's Motion for Leave to File Its Reply Brief Out of Time (26–1) is GRANTED.